IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VALERIE BLETTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV474 |
| | ) | |
| JULIE ANN MASICK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

This is a State-law tort action removed to this court on the grounds of diversity jurisdiction. Before the court is Plaintiff Valerie Blettner's motion to remand and request for an award reasonable attorneys' fees and costs. (Doc. 10.) For the reasons set forth below, the motion will be granted in part and the case remanded to the Superior Court of Durham County, North Carolina, but the request for an award of fees and costs will be denied.

**I.   BACKGROUND**

The complaint alleges that Blettner and Masick own units in a condominium complex that was managed by a corporation run by Blettner. (Doc. 4 at 1-2.) According to Blettner, Masick engaged in a "campaign to oust" her company and harass her personally by accusing her of stealing money from the complex. (Id. at 2-3.) Although the complaint alleges that Masick

engaged in "written and oral defamation" and identifies allegedly defamatory emails, it does not identify any allegedly defamatory oral statement. (See id. at 2-6.) The complaint includes three claims for relief: "defamation" through oral and written statements; libel *per se*; and "infliction of emotional distress," each with its own demand for damages "in excess Twenty-Five Thousand Dollars ($25,000.00), plus punitive damages." (Id. at 4-7.) The complaint also contains a general prayer for relief that requests "compensatory damages, to the extent Rule 8(a)(2) of the North Carolina Rules of Civil Procedure is applicable, in an amount in excess of Twenty-Five Thousand Dollars," as well as punitive damages, attorneys' fees, and costs. (Id. at 7.)

**II. ANALYSIS**

    **A. Remand**

Generally, a defendant may remove any civil action from a State court to a federal district court so long as the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions between citizens of different States in which the amount in controversy exceeds $75,000. Id. § 1332(a). Here, there is no dispute that Blettner and Masick are citizens of different States. (See Doc. 11.) Accordingly, the court must determine if the amount in controversy exceeds $75,000.

Courts typically determine the amount in controversy by examining "the status of the case as disclosed by the plaintiff's complaint." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). When the complaint does not specify the damages sought, however, the court may consider any evidence bearing on the issue, such as the type and extent of the plaintiff's injuries, amounts awarded in other similar cases, and the losses incurred by the plaintiff prior to removal. Dagiel v. Kemper Corp., No. 1:11CV262, 2012 WL 1596978, at *2 (W.D.N.C. May 7, 2012) (citing Green v. Metal Sales Mfg. Corp., 394 F. Supp. 2d 864, 866 (S.D.W. Va. 2005). The court may also consider the plaintiff's willingness or refusal to stipulate that her damages fall below the jurisdictional threshold. See Lawson v. Tyco Elec. Corp., 286 F. Supp. 2d 639, 642 (M.D.N.C. 2003); Harris v. State Farm Fire & Cas. Ins. Co., No. 5:13-CV-61, 2013 WL 3356582, at *3 (E.D.N.C. July 3, 2013). Ultimately, the removing party bears the burden of showing that removal is proper by a preponderance of the evidence. Lawson, 286 F. Supp. 2d at 641.

Here, the amount in controversy cannot be determined from the face of the complaint. Blettner pleads claims for defamation, libel *per se*, and infliction of emotional distress (it is not expressly alleged as either intentional or negligent conduct). (See Doc. 4 at 4-7.) North Carolina's pleading rules

3

do not permit her to specify an exact amount of claimed damages; plaintiffs seeking punitive damages must state only that they seek damages in excess of $25,000 in order to establish the jurisdiction of the Superior Court. See N.C. R. Civ. P. 8(a)(2); Lawson, 286 F. Supp. 2d at 641. As a result, the complaint simply demands compensatory damages "in excess of Twenty-Five Thousand Dollars," as well as unquantified requests for punitive damages, costs, interest, and fees. (Doc. 4 at 7.)

Despite this ambiguity on the face of the complaint, Masick has not provided the court with any information about the extent of Blettner's injuries, judgments from comparable cases, or any other evidence to establish the amount in controversy in this case. Instead, she argues that removal is proper because the complaint could be read as demanding damages in excess of $25,000 for each of Blettner's three claims. True, courts have discretion to aggregate multiple claims when determining the amount in controversy when the applicable law would permit separate recoveries for each claim. See Thind v. PNC Bank, N.A., No. 5:13-CV-00619-FL, 2013 WL 6326600, at *2 (E.D.N.C. Dec. 4, 2013). Here, however, Blettner's complaint merely articulates three different theories of recovery for the same tortious conduct. (See Doc. 4 at 4–7.) "Under North Carolina law . . . a plaintiff may not recover on more than one theory for the same course of conduct." X-It Prods., L.L.C. v. Walter

4

Kidde Portable Equip., Inc., 227 F. Supp. 2d 494, 523 (E.D. Va. 2002) (collecting North Carolina cases). In addition, at a hearing on the present motion, Blettner, through counsel, represented to the court that she will not seek to recover separate awards for each claim for relief because, under North Carolina law, she must choose only one award if she ultimately prevails on multiple theories.

Moreover, Blettner's complaint does not currently allege facts sufficient to state three separate claims. Although denominated as a claim for "defamation," Blettner's first cause of action appears to be based in part on slander. (See Doc. 4 at 4-5.) The complaint contains various allegations relating to allegedly libelous statements in emails, but the complaint does not identify any allegedly false oral statements, as required to state a claim for slander under North Carolina law. See Franklin v. Wiggins, 179 N.C. App. 434, 2006 WL 2528010, at *2 (2006) (holding that a complaint failed to state a claim for slander when it did not specifically identify "what the alleged slanderous statements were").

For all of these reasons, the court finds that Masick has failed to demonstrate that aggregation is factually warranted in this case.

An award of attorneys' fees can be considered in determining the jurisdictional amount. See Ratliff v. Sears,

5

Roebuck & Co., 911 F. Supp. 177, 178-79 (E.D.N.C. 1995). Similarly, the court can consider an award of punitive damages. See Dagiel, 2012 WL 1596978, at *2. But the mere fact that either or both are at issue is insufficient, and Masick has "offer[ed] nothing beyond sheer speculation" that Blettner is likely to recover punitive damages or attorneys' fees in this case, much less that any such damages would propel the recovery over the $75,000 jurisdictional threshold. See id. at *2; Delph v. Allstate Home Mortg., Inc., 478 F. Supp. 2d 852, 855 (D. Md. 2007) ("A speculative argument regarding the potential value of the award is insufficient."). Thus, the court concludes that it lacks subject matter jurisdiction, and this action must be remanded to State court.

**B. Costs and Attorneys' Fees**

Blettner also moves for an award of costs and expenses incurred as a result of removal. (Doc. 10.) Such costs, including reasonable attorneys' fees, are recoverable within the discretion of the court. 28 U.S.C. 1447(c); In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."

6

Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). Thus, such an award should not be made as a matter of course but rather where, absent unusual circumstances, "the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141. A legal argument that is supported by a limited basis of authority and is at least colorable is likely objectively reasonable. Parker v. Johnny Tart Enters., Inc., 104 F. Supp. 2d 581, 585 (M.D.N.C. 1999) (finding a "novel" argument for removal to be objectively reasonable when it was "supported by a limited basis of authority" and "at least colorable"). Bad faith is not required to award fees, however. In re Lowe, 102 F.3d at 733 n.2.

Here, the court finds that Masick had at least a colorable argument in support of removal. At least two district courts in this State have upheld removal jurisdiction in similar, albeit distinguishable, situations. See Thind, 2013 WL 6326600 at *2 n.1; Harris, 2013 WL 3356582 at *3. In addition, although Masick failed to present evidence on this point, a defendant could reasonably believe that claims for punitive damages or medical expenses might exceed $75,000 in some circumstances. See N.C. Gen. Stat. § 1D-25(b) (permitting punitive damages of $250,000 or three times the compensatory award, whichever is greater). Finally, Blettner in her brief stated that "as of the day of fling this Motion to Remand, [] all known actually

7

incurred damages, including punitive damages, total less than $75,000." (Doc. 11 at 2.) However, at a hearing on the present motion, she refused to stipulate that her damages fall below $75,000 on the grounds that she legally had no obligation to do so. Although not dispositive, such a refusal may serve as evidence of the amount in controversy in some circumstances, see Harris, 2013 WL 3356582 at *3, and gives this court pause.

In light of Blettner's representation in her reply brief that she is not aware of any basis for a damage award above the federal jurisdictional threshold – a concession to which she should be bound in further proceedings – and pursuant to the court's discretionary authority, Plaintiff's request for justifiable costs and expenses in connection with her remand motion will be denied. However, the court's ruling is without prejudice to Masick's right to timely remove the action if at a later date facts sufficient to support proof of the jurisdiction amount arise.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Doc. 10) is GRANTED IN PART and DENIED IN PART, and this case is REMANDED to the Superior Court of Durham County, North Carolina. Plaintiff's request for an award of justifiable costs and expenses associated with her motion to remand is DENIED.

/s/   Thomas D. Schroeder
                                        United States District Judge

November 25, 2015